846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William J. OSBY, Plaintiff-Appellant,
v.
VIRGINIA COMMONWEALTH UNIVERSITY, Commonwealth of Virginia,
Allen Fonoroff, Defendants-Appellees.
 No. 87-3078.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1988.
Decided May 4, 1988.
 
 William J. Osby, appellant pro se.
 David Lee Ross, Patrick B. Kelly, Virginia Commonwealth University, for appellees.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 William J. Osby, former assistant professor in the Department of Urban Studies at Virginia Commonwealth University (VCU), filed this action under the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. (Title VII) and 42 U.S.C. Sec. 1983 against Allen Fonoroff, a state official in his individual capacity, and VCU. Osby who is an African-American male alleged that Fonoroff, chairman of the Urban Studies Department at VCU, discriminated against him in his employment because of his race. His claims were fully tried to the jury and the court, in that the evidence relied upon by Osby in his Sec. 1983 action against Fonoroff which was tried to the jury was the same relied upon by Osby in his Title VII claim against defendant VCU. The jury found against Osby on the Sec. 1983 claim and the court found against him on the Title VII claim. Osby appeals reasserting that defendants discriminated him in his employment and that defendant Fonoroff used his peremptory strikes to exclude African-American persons from the jury.
 
 
 2
 The Supreme Court has articulated a three-part frame-work for analyzing Title VII cases. First, the plaintiff must establish a prima facie case of discrimination; next, the burden of productions shifts to the defendant to show a legitimate nondiscriminatory reason for its action; finally, the burden returns to plaintiff to come forward with evidence that the defendant's reason for its action is a pretext for its discriminatory motives. Throughout this process, the burden of persuasion remains on the plaintiff. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). This three-part analysis developed for Title VII actions is equally applicable to suits brought under Sec. 1983. Guillory v. St. Landry Parish Police Jury, 802 F.2d 822, 824 (5th Cir.1986), cert. denied, 55 U.S.L.W. 3820 (U.S. June 8, 1987) (No. 86-6392).
 
 
 3
 In discriminatory discharge cases, a prima facie case may be made out by showing: (1) plaintiff belongs to a protected class; (2) he was qualified for the employment (3) he was discharged; and (4) the employer then attempted to replace or replaced him. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Compliance with this standard is only one method of establishing a prima facie case. See International Brotherhood of Teamsters v. United States, 431 U.S. 324, 358 (1977). In McDonnell Douglas the Supreme Court noted that, because of the variations in factual situations, plaintiffs in some cases may seek to establish a prima facie case by other means. "The burden of establishing a prima facie case of disparate treatment is not onerous." Burdine, 450 U.S. at 253. The purpose of the prima facie case is to raise an inference of unlawful discrimination. Id. Thus, a plaintiff may demonstrate an inference of discrimination in whatever manner is appropriate in the particular circumstances. See Diaz v. American Telephone & Telegraph, 752 F.2d 1356, 1361 (9th Cir.1985).
 
 
 4
 This Court may reverse a jury verdict only when there is a complete absence of facts to support the conclusion reached by the jury. Falwell v. Flynt, 797 F.2d 1270, 1276 (4th Cir.1986), rev'd on other grounds, 56 U.S.L.W. 4180 (U.S. February 24, 1988) (No. 86-1278). Similarly, when reviewing the findings of the district court sitting without a jury, the question for an appellate court is not whether it would have made the findings the district court did, but whether "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." Zenith Radio Corp. v. Hazeltine Research Inc., 395 U.S. 100, 123 (1969) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). The district court's determination of whether the defendant's action was motivated by consideration of plaintiff's race is a finding of fact, Pullman-Standard v. Swint, 456 U.S. 273, 285-90 (1982), and may be reversed by this Court only if the determination was "clearly erroneous" within the meaning of Fed.R.Civ.P. 52(a). Id. at 290.
 
 
 5
 Upon consideration of the informal briefs and a transcript of the bench opinion, we are unable to find any basis for concluding that the district court was clearly erroneous in its findings of fact or that it erred in its application of the law to those facts as it relates to plaintiff's Title VII claim. There is similarly no basis for reversing the jury's verdict on the Sec. 1983 claim. Moreover, a review of the record and the district court's memorandum discloses that plaintiff's appeal from its order denying plaintiff's motion for a new trial on the contention that defendant Fonoroff used his peremptory challenges in a racially discriminatory manner to exclude African-Americans from the jury is without merit. Accordingly, we affirm the judgment below. We dispense with oral argument since the record and the briefs filed with this Court indicate that oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.